UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,
    Plaintiffs

vs.

LITTLETON ENVIRONMENTAL SERVICES, INC., and its alter ego MADISON EXCAVATING CORP.,
    Defendants

and

EASTERN BANK,
    Trustee

MAGISTRATE JUDGE _RBC_

C.A. No.

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT ON A JUDGMENT

### I. INTRODUCTION

1. This is an action to collect an unpaid judgment pursuant to a Default Judgment and Order entered by this Court on June 25, 2004 against Littleton Environmental Services, Inc. ("Littleton"). Plaintiffs' original lawsuit established that Littleton failed to pay contributions owed to the Plaintiff Funds under collective bargaining agreements requiring contributions to the Funds, and is liable to the Funds under the Employee Retirement Income Security Act ("ERISA") for $234,454.94 in contributions, prejudgment interest, damages and attorneys' fees

and costs, plus post judgment interest. The Plaintiff Funds bring this suit to collect the Judgment from Littleton and/or its alter ego or successor, Madison Excavating Corp. ("Madison"), which is jointly and severally liable for the amount of the judgment.

## II. JURISDICTION

2. This Court has exclusive jurisdiction of this action under Section 502(a), (e) and (f) of ERISA, 29 USC §1132(a), (e), (f) without respect to the amount of controversy.

## III. PARTIES

3. Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit

plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Littleton Environmental Services, Inc. (hereinafter "Littleton" or "the Employer") is a Massachusetts corporation with a principal place of business at 41 Robinson Road, Littleton, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Defendant Madison Excavating Corp. (hereinafter "Madison" or "the Employer") is a Massachusetts corporation with a principal place of business at 250 Hampton Street, Auburn, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). Upon information and belief, Madison is the alter ego or successor of Littleton.

11. On information and belief, Eastern Bank is a banking institution holding assets of the defendants.

## IV. ALLEGATIONS OF FACT

12. On or about April 16, 2002, defendant Littleton agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements.

13. Because of the short form agreement, Littleton was party to the collective bargaining agreement that was effective from June, 2000 through May, 2004.

14. The Agreement required employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specified the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers were also required to file monthly Remittance Reports, on which employers calculated the payments they owed.

15. The Funds audited the payroll records of Littleton and determined that Littleton owed the Funds $126,017.92 in unpaid contributions for the period of December, 2002 through June, 2003, together with $2,863.25 in underpayments and interest on late paid contributions. Littleton agreed to a payment plan on or about July 30, 2003, which, if followed, would have resulted in full payment of all delinquent payments and for subsequent payments to be paid "on time in full, no exceptions." Littleton did not follow the payment plan, and although it reduced its overall audit balance in subsequent months, Littleton failed and refused to pay the balance of these unpaid contributions.

16. On December 4, 2003, Plaintiffs filed an ERISA action against Littleton for its debts from December, 2002 through June, 2003 (C.A. No. 03-12461 NG). A subsequent audit was undertaken on or about December 5, 2003, at which time it was determined that Littleton

4

had accrued an additional delinquency during the period July, 2003 through November, 2003 of $145,364.94.

17. This honorable Court entered Default Judgment (the "Judgment") against Littleton on June 25, 2004 for the principal amount of $226,082.52, prejudgment interest of $4,829.28, liquidated damages of $36,875.54, and attorneys' fees and costs of $8,372.42, for a total judgment of $234,454.94. A First Execution was issued on August 6, 2004. A true copy of the Judgment and First Execution are attached hereto as Exhibit A.

18. Littleton was organized as a Massachusetts corporation in April, 1992, involuntarily dissolved in August, 1998, and revived in April, 1999. Littleton lists its principal place of business as 41 Robinson Road, Littleton, Massachusetts. Upon information and belief, Littleton ceased operating as a business in or around November, 2003, but has not formally dissolved its status as a Massachusetts corporation.

19. Madison was organized as a Massachusetts corporation in November, 2003. Since that time, Madison has listed its principal place of business as 250 Hampton Street, Auburn, Massachusetts. A true copy of Madison's Articles of Incorporation is attached hereto as Exhibit B.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS - SUM CERTAIN

20. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-19 supra.

21. Upon information and belief, Madison operates as an ongoing business and is the alter ego and/or successor of Littleton. Madison began operations in November, 2003, at the same time as Littleton was ceasing its business operations. There is continuity of ownership

between the companies, as upon information and belief, Madison's president is the son-in-law of Littleton's president. There is also a similar business purpose, as both companies engage in construction and excavation work. Upon information and belief, much of Littleton's construction and excavation equipment was provided to Madison after Littleton ceased operating. Upon information and belief, Madison also employs many former supervisory personnel and other employees of Littleton. Based upon these facts and others, Madison is the alter ego or successor of Littleton.

22. Upon information and belief, Madison has been maintained in part or in whole as a vehicle to avoid paying contributions rightfully owed to Plaintiff Funds by Littleton.

23. As the alter ego or successor of Littleton, Madison is bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.

24. Moreover, Madison is jointly and severally liable for all amounts owed under the Agreement by Littleton.

25. Judgment was entered against Littleton on June 25, 2004 for the principal amount of $226,082.52, prejudgment interest of $4,829.28, liquidated damages of $36,875.54, and attorneys' fees and costs of $8,372.42, for a total judgment of $234,454.94. Although a portion of this amount has been collected from third parties, to date Littleton continues to owe the Funds $95,905.19.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff Funds request entry of judgment against the Defendants Littleton Environmental Services, Inc. and Madison Excavating Corp. jointly and severally in the

amount of $95,905.19, plus post-judgment interest and costs for filing this action as permitted by law. Additionally, the Funds request the following relief:

    a.    Order the attachment by trustee process of the bank accounts of both Littleton and Madison held by Eastern Bank and any other banking institution(s);

    b.    Order the attachment of the machinery, inventory and accounts receivable of both defendants Littleton and Madison;

    c.    Order defendants Madison and Littleton to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period December, 2002 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

    d.    Enter a preliminary and permanent injunction enjoining Littleton and Madison from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph; and

    e.    Such further and other relief as this Court deems appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576

                                           Gregory A. Geiman, Esquire
                                           BBO #655207
                                           Segal, Roitman & Coleman
                                           11 Beacon Street
                                           Suite #500
                                           Boston, MA  02108
                                           (617) 742-0208

Dated:   December 30, 2004

GAG/gag&ts
ARS 6306 03-213/complt-judgment.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUL 13 P 12: 10

FIRST EXECUTION

C.A. NO. 03-12461 NG

U.S. DISTRICT COURT
DISTRICT OF MASS

To the United States Marshal for the District of Massachusetts or either of his Deputies and to _____, Special Process Server:

WHEREAS, the Trustees, Massachusetts Laborers' Benefit Funds have recovered judgment against Littleton Environmental Services, Inc. on the 25th day of June, 2004, for the sum of $234,454.94 which represents $184,377.70 in debt (fund contributions), pre-judgment interest in the amount of $4,829.28, liquidated damages in the amount of $36,875.54, and attorneys' fees and costs in the amount of $8,372.42, as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditors, at the value thereof in money, the aforesaid sums, being a total of $234,454.94, in the whole, with interest thereon at the rate of 2.22 % from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at Boston, Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

Dated this 6th day of August, 2004.

TONY ANASTAS, CLERK

By: _____
Deputy Clerk

ARS/gag&ts
6306 03-213/execution.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
        Plaintiffs

vs.

LITTLETON ENVIRONMENTAL SERVICES, INC.,
        Defendant

and

J.T. CALLAHAN & SONS, INC.,
        Reach-and-Apply Defendant

and

FLEET BANK,
        Trustee

C.A. No. 03-12461 NG

## DEFAULT JUDGMENT

Defendant Littleton Environmental Services, Inc., having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of Plaintiffs and affidavits and a memorandum of law demonstrating that Defendant owes Plaintiffs the sum of $226,082.52 in unpaid benefit funds contributions; $4,829.28 in interest on the unpaid contributions; $36,875.54 in liquidated

damages; and attorneys' fees and costs of $8,372.42; and that Defendant is not an infant or incompetent person or in the military service of the United States, it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Defendant Littleton Environmental Services, Inc. the principal amount of $226,082.52; prejudgment interest of $4,829.28; liquidated damages of $36,875.54; attorneys' fees and costs of $8,372.42, for a total judgment of $234,454.94., with interest as provided by law, which interest rate is effective this date is 2.22 percent.

_____
The Honorable Nancy Gertner
United States District Court

Dated: 6/25/04

ARS/gag&ts
6306 03-213/defltjdg.doc

2

MA SOC    Filing Number: 200355797820    Date: 11/06/20__



# The Commonwealth of Massachusetts
## William Francis Galvin

Minimum Fee: $275.00

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

## Articles of Organization
(General Laws, Chapter 156B)

Federal Employer Identification Number: 200334054 *(must be 9 digits)*

### ARTICLE I

The exact name of the business entity is:

MADISON EXCAVATING CORP.

### ARTICLE II

The purpose of the business entity is to engage in the following business activities:

CONSTRUCTION AND EXCAVATION

### ARTICLE III

State the total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments | | Total Issued and Outstanding |
|---|---|---|---|---|
| | | Num of Shares | Total Par Value | Num of Shares |
| CNP | $0.00000 | 2,000 | $0.00 | 100 |

### ARTICLE IV

If more than one class of stock is authorized, state a distinguishing designation for each class. Prior to the issuance of any shares of a class, if shares of another class are outstanding, the Business Entity must provide a description of the preferences, voting powers, qualifications, and special or relative rights or privileges of that class and of each other class of which shares are outstanding and of each series then established within any class.

N/A

### ARTICLE V

The restrictions, if any, imposed by the Articles of Organization upon the transfer of shares of stock of any class are:

N/A

### ARTICLE VI

Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the business entity, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the business entity, or of its directors or stockholders, or of any class of stockholders:

<u>NONE</u>

**Note: The preceding six (6) articles are considered to be permanent and may ONLY be changed by filing appropriate Articles of Amendment.**

## ARTICLE VII

The effective date of organization of the business entity shall be the date approved and filed by the Secretary of the Commonwealth. If a *later* effective date is desired, specify such date which shall not be more than *thirty days* after the date of filing.

**Later Effective Date:**

## ARTICLE VIII

The information contained in Article VIII is not a permanent part of the Articles of Organization

**a. The street address** *(post office boxes are not acceptable)* **of the principal office of the corporation in Massachusetts is:**

No. and Street:    <u>250 HAMPTON STREET</u>
City or Town:      <u>AUBURN</u>            State: <u>MA</u>    Zip: <u>01501</u>    Country: <u>USA</u>

**b. The name, residential address and post office address of each director and officer of the corporation is as follows:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | KEVIN S. HUNT | 12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA<br>12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA | Until Succeeded |
| TREASURER | CATHERINE V. HUNT | 12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA<br>12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA | Until Succeeded |
| CLERK | CATHERINE V. HUNT | 12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA<br>12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA | Until Succeeded |
| DIRECTOR | KEVIN S. HUNT | 12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA<br>12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA | Until Succeeded |
| DIRECTOR | CATHERINE V. HUNT | 12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA<br>12 FARMSTEAD WAY<br>LITTLETON, MA 01460 USA | Until Succeeded |

**c. The fiscal year (i.e., tax year) of the business entity shall end on the last day of the month of:**
December

**d. The name and business address of the resident agent, if any, of the business entity is:**

Name:
No. and Street:
City or Town:                                   State:           Zip:           Country:

### ARTICLE IX

By-laws of the business entity have been duly adopted and the president, treasurer, clerk and directors whose names are set forth above, have been duly elected.

**IN WITNESS WHEREOF AND UNDER THE PAINS AND PENALTIES OF PERJURY, I/we, whose signature(s) appear below as incorporator(s) and whose name(s) and business or residential address(es) are beneath each signature do hereby associate with the intention of forming this business entity under the provisions of General Law, Chapter 156B and do hereby sign these Articles of Organization as incorporator(s) this 6 Day of November, 2003.** *(If an existing corporation is acting as incorporator, type in the exact name of the business entity, the state or other jurisdiction where it was incorporated, the name of the person signing on behalf of said business entity and the title he/she holds or other authority by which such action is taken.)*
THOMAS C. RAUKER

© 2001 - 2003 Commonwealth of Massachusetts
All Rights Reserved

MA SOC    Filing Number: 200355797820    Date: 11/06/2003

# THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears that the provisions of the General Laws relative to corporations have been complied with, and I hereby approve said articles; and the filing fee having been paid, said articles are deemed to have been filed with me on:

November 06, 2003

*[signature]*

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

0-6734-0

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Paul J. McNally, as he is Trustee, Mass. Laborers' Health & Welfare Fund v. Littleton Environmental Services, Inc., and its alter ego Madison Excavating Corp.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   \_\_\_ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121
                                                                              for patent, trademark or copyright cases

   \_\_\_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   \_\_\_ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   \_\_\_ V.   150, 152, 153.

   05-10011 PBS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC 2403)
   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).
   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION: YES ☐ NO ☐   N/A   OR WESTERN SECTION: YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Gregory A. Geiman
ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108
TELEPHONE NO.  (617) 742-0208

(Categfrm.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND

### DEFENDANTS
Littleton Environmental Services, Inc., and its alter ego Madison Excavating Corp.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anne R. Sills, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | FEDERAL TAX SUITS |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):  N/A
JUDGE _____   DOCKET NUMBER _____

DATE: 12/30/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____