UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LITTLETON ENVIRONMENTAL SERVICES, INC., and its alter ego MADISON EXCAVATING CORP.,<br><br>Defendant. | Civil Action No. 05-10011-PBS |

## ANSWER

Defendant Madison Excavating Corp. ("Madison"), by its undersigned counsel, hereby answers the allegations in the Complaint as follows.

1. The first two sentences of Paragraph 1 contain the Plaintiff's description of the case to which no response is required. To the extent a response is required, Madison denies the allegations in the first two sentences of paragraph 1. Madison denies the allegations in the third sentence of paragraph 1.

2. Madison admits this Court has jurisdiction over pension matters under ERISA; however, Madison denies it has any liability to any of the Plaintiffs under ERISA and therefore does not admit to the jurisdiction of this Court.

3. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Madison admits that Littleton was a Massachusetts corporation with a principal place of business at 41 Robinson Road, Littleton, Massachusetts, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. Madison admits it is a Massachusetts corporation and denies the remaining allegations in paragraph 10.

11. Madison denies the allegations in paragraph 11 regarding its assets and is without knowledge or information sufficient to form a belief as to the assets of Littleton.

12. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits a copy of a Judgment and First Execution were attached to the Complaint as Exhibit A.

18. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Madison admits the allegations in the first sentence of paragraph 19. Madison admits that its articles of incorporation listed its address as 250 Hampton Street and that Exhibit B was attached to the Complaint. Further answering, Madison states that its office is located at 12 Farmstand Way, Littleton, Massachusetts 01460.

## COUNT 1

20. Madison repeats and realleges its answers to paragraphs 1 through 19.

21. Madison admits it is an ongoing business. It denies it is the alter ego and/or successor to Littleton. Madison admits it began operations in November, 2003, and is without knowledge or information sufficient to form a belief as to whether that was the same time as Littleton was ceasing its business operations. Madison denies there is continuity of ownership between the companies. Madison admits its president is the son-in-law of Littleton's president; however, further answering, Madison states that its president and sole shareholder did not have any ownership interest in Littleton nor was he an officer or director of Littleton. Further answering, Madison states that none of Littleton's shareholders own shares in Madison. Madison denies that both companies have a similar

3

business purpose. Further answering, Madison states that the jobs it works on are substantially different than the jobs performed by Littleton. Madison denies that much of Littleton's construction and excavation equipment was provided to Madison after Littleton ceased operating. Further answering, Madison states it paid fair market value for the equipment formerly owned by Littleton, which it purchased in an arms length transaction negotiated with Eastern Bank. Madison denies it employs many former supervisory personnel and other employees of Littleton. Further answering, Madison states it employs six former employees of Littleton who lost their jobs when Littleton ceased operations. Further answering, Madison states that none of its employees, including its president, had any involvement in Littleton's decision to cease operations. Madison denies it is the alter ego of Littleton.

22. Madison denies the allegations in paragraph 22.

23. Madison denies the allegations in paragraph 23.

24. Madison denies the allegations in paragraph 24.

25. Madison is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Madison.

### THIRD AFFIRMATIVE DEFENSE

Madison is not the alter ego or successor of Littleton.

WHEREFORE, Madison Excavating Corporation prays that the complaint against it be dismissed, and that it be awarded its attorneys' fees and costs and such other and further relief as the Court deems appropriate.

                Respectfully submitted,

                Defendant
                MADISON EXCAVATING CORP.

                By its attorneys,

                /s/ M. Ellen Carpenter
                M. Ellen Carpenter (BBO # 554142)
                ROACH & CARPENTER, P.C.
                24 School Street
                Boston, MA 02108
                (617) 720-1800
                mec@rc-law.com

Dated: January 31, 2005